## IN THE CIRCUIT COURT OF TUNICA COUNTY, MISSISSIPPI

**BERNARD PHILLIPS**                                                                          **PLAINTIFF**

**VS.**                                                                               CAUSE NO. 2022-0087

**HORSESHOE TUNICA, LLC;**
**ROBINSON PROPERTY GROUP, LLC; AND**
**JOHN AND JANE DOES 1-4**                                     **DEFENDANTS**

## COMPLAINT
### (JURY TRIAL DEMANDED)

**COMES NOW** the Plaintiff Bernard Phillips (hereinafter "Plaintiff Phillips") by and through Counsel, and files this action against the Defendants, Horseshoe Tunica, LLC, Robinson Property Group, LLC, and John and Jane Does 1-4. In support thereof, Plaintiff Phillips would show unto this Honorable Court the following to wit:

## PARTIES

1. Plaintiff Phillips is adult resident citizen of Jefferson County, Alabama.

2. The Defendant, Horseshoe Tunica, LLC is a foreign limited liability company registered to do business in the State of Mississippi and may be served with process of this Court through its registered agent, Corporation Service Company, at 109 Executive Drive, Suite 3 Madison, MS 39110. Horseshoe Tunica, LLC is doing business as Horseshoe Tunica Hotel & Casino, located at 1021 Casino Center Drive, Robinsonville, Mississippi 38664.

3. The Defendant, Robinson Property Group, LLC is a Mississippi limited liability company and may be served with process of this Court through its registered agent, Corporation Service Company, at 109 Executive Drive, Suite 3 Madison, MS 39110. Robinson Property Group,

FILED
JUL 13 2022
TUNICA COUNTY, MISS.
SHARON GIBBYNOLDS, CIRCUIT CLERK
BY_____

Exhibit "A"

LLC is doing business as Horseshoe Tunica Hotel & Casino, located at 1021 Casino Center Drive, Robinsonville, Mississippi 38664.

4. The true names and capacities, whether individual, corporate, associate or otherwise, of the John and Jane Doe Defendants 1-4 are currently unknown to Plaintiff Phillips who therefore brings suit against these Defendants by such fictitious names. Upon information and belief, each of the fictitiously named Defendants were negligent or otherwise legally responsible in some other actionable manner for the events and happenings referred to in this Complaint, and that Plaintiff Phillips' injuries and damages as alleged were caused by that negligent or wrongful conduct. Plaintiff Phillips' will seek leave of Court to amend this Complaint and state the true names and/or capacities of the John and Jane Doe 1-4 Defendants when the same have been ascertained.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of this Complaint pursuant to Mississippi Code Annotated §9-7-81; and personal jurisdiction over the parties because, among other things, the tortious acts and omissions of Defendants were committed against Plaintiff Phillips in whole or in part in Tunica County, Mississippi, and this suit results from injuries arising out of and/or relating to those tortious acts and omissions.

6. Venue is proper in Tunica County pursuant to Mississippi Code Annotated §11-11-3 and Mississippi Rules of Civil Procedure 82 because, among other things, the tortious acts and omissions of Defendants giving rise to this action occurred and/or were committed in Tunica County, Mississippi.

## FACTS

7. Plaintiff Phillips adopts and herein incorporates by reference each and every allegation as set forth above.

8. At all times mentioned in this Complaint, the Defendants, Horseshoe Tunica, LLC, Robinson Property Group, LLC, and John and Jane Doe Defendants 1-4 (hereinafter collectively "Defendants"), and each of them, owned, leased, rented, occupied, possessed, designed, constructed, developed, operated, inspected, repaired, maintained, managed, controlled, supervised, permitted and/or were employed at Horseshoe Tunica Hotel & Casino, located at 1021 Casino Center Drive, Robinsonville, Mississippi 38664. At all times mentioned herein, Plaintiff Phillips was lawfully on the premises and was unable to foresee or prevent the impending injury.

9. At all times mentioned herein, Defendants invited the general public, including Plaintiff Phillips, to enter the premises of Horseshoe Tunica Hotel & Casino, located at 1021 Casino Center Drive, Robinsonville, Mississippi 38664 for reasons mutually advantageous to Defendants and Plaintiff Phillips.

10. On or about July 15, 2019 Plaintiff Phillips was an invitee of Horseshoe Tunica Hotel & Casino, located at 1021 Casino Center Drive, Robinsonville, Mississippi 38664.

11. As an invitee, Defendants owed Plaintiff Phillips a duty to keep the premises in a reasonably safe condition and, when and where not reasonably safe, to warn of hidden dangers.

12. At the above-mentioned time and place, Plaintiff Phillips was walking inside the premises of Horseshoe Tunica Hotel & Casino when he tripped and fell on the floor due to a defective condition in the carpert and/or floor covered by the carpert. Defendants negligently failed to maintain the floor in a common area of the casino and failed to take reasonable measures to prevent foreseeable safety hazards. Plaintiff Phillips was not aware of the above-referenced dangerous condition caused by Defendants.

13. The Defendants were on notice of the dangers; more specifically, Defendants, by and through their agents or employees, created the dangerous condition, knew or should have known of the existence of this condition which was not reasonably safe and failed to either remedy the condition, warn thereof, or properly inspect the area which is subject to defects, being in need of repair, or other dangerous conditions, on a reasonable and timely basis. The defective carpert and/or floor covered by the carpet, which constituted a dangerous condition, was not open and obvious to Plaintiff. Moreover, Defendants failed to warn Plaintiff of this dangerous condition, with no warning signs being present in the area warning Plaintiff, or other visitors, of this dangerous condition, in turn proximately causing Plaintiff to sustain injuries.

14. Defendants' failure to exercise reasonable care and take reasonable safety precautions or measures to prevent foreseeable harm and danger, including the harm suffered by Plaintiff Phillips, constituted a breach of the duty owed to Plaintiff Phillips.

15. As a direct and proximate result of the dangerous condition caused by Defendants' negligence, Plaintiff Phillips has sustained significant personal injury.

### FIRST CAUSE OF ACTION
### (Negligence/Failure to Maintain Safe and Adequate Premises)

16. All of the averments contained in paragraphs 1-15 are incorporated herein by reference as if fully set forth below.

17. Defendants owed Plaintiff Phillips the duty of ordinary and reasonable care to keep the premises in a reasonably safe condition and when not reasonably safe, to warn of dangerous conditions not readily apparent, which Defendants knew or should have known of in the exercise of reasonable care.

18. Further, Defendants owed a duty to the public, including Plaintiff Phillips, to exercise reasonable care to provide a safe environment, to conduct regular and necessary upkeep

4

of the floors in the common area, to provide safe ingress and egress to the floors in the common area, and/or to properly and timely inspect and remove dangerous and hazardous conditions on the floors in the common area of the premises. Defendants were careless and negligent in the maintenance, inspection, and cleaning of the floors in the common area.

19. Defendants were negligent in that it did not properly warn Plaintiff Phillips of the dangerous conditions then present upon the premises and did not properly inspect and maintain the area causing injury to Plaintiff Phillips. Defendants knew, or in the exercise of reasonable care, should have known that Plaintiff Phillips would be subject to accident and injury from the unsafe conditions on the premises.

20. Plaintiff Phillips was without notice that said area was dangerous. Plaintiff Phillips used due care for his own safety as an invitee and patron of Defendants' premises, and in no manner contributed to the accident.

21. Defendants' acts and/or omissions constituted a departure from ordinary standards, amounted to negligence and said negligence was the proximate cause of Plaintiff Phillips' injuries, in the following nonexclusive particulars:

      (a.) Failure to use reasonable care in the inspection of the premises;

      (b.) Failure to use reasonable care to make the premises safe;

      (c.) Failure to warn of non-obvious hazards and inherent dangers to Plaintiff Phillips and others visiting the casino owned by Defendants;

      (d.) Failure to use reasonable care in the maintenance of the premises;

      (e.) Any and all negligence that may be shown at a trial on the merits.

22. But for the negligence of Defendants in failing to properly maintain its premises, or warn of the dangers present, Plaintiff Phillips would not have been injured. Defendants breached the above duties causing Plaintiff Phillips to suffer severe harm.

## SECOND CAUSE OF ACTION
### (Negligent Hiring/Retention/Supervision/Training)

23. The Plaintiff adopts by reference paragraphs 1-22 above.

24. The Defendants were further negligent in the hiring, retention, supervision, and/or training of its employees. Specifically, the Defendants failed to provide adequate training, supervision, and/or oversight to eliminate hidden dangers to the public and to the Plaintiff. The direct and proximate causes of Plaintiff's injuries were as a result of said Defendantss negligent acts. But for these negligent acts and/or omissions the harm suffered by Plaintiff Phillips would have been avoided.

## DAMAGES

25. Plaintiff Phillips demands recovery of and from Defendants for economic and non-economic damages to include:

    (a.) Physical injuries;

    (b.) Emotional and mental anguish and suffering;

    (c.) Loss of enjoyment of life;

    (d.) Past, present, and future medical and related expenses;

    (e.) Permanent impairment and loss of mobility;

    (f.) Permanent disability;

    (g.) Past, present, and future pain and suffering;

    (h.) Any and all other such damages recoverable under Mississippi law as may be proven at trial.

26. The negligence and above alleged acts and/or omissions of Defendants were the proximate and/or contributing cause of Plaintiff Phillips' injuries and his damages.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff Phillips requests this Honorable Court award all damages available and as proven at trial, in an amount to be determined by a jury, reasonably believed to be in excess of this Court's jurisdictional minimum, exclusive of costs.

Respectfully submitted this the 13th day of July, 2022.

**BERNARD PHILLIPS, PLAINTIFF**

BY: SHIELDS GOODSON, PLLC

WILLIAM G. SHIELDS (MSB# 104637)
Attorney for Plaintiff

Shields Goodson, PLLC
555 Tombigbee Street, Suite 100
Jackson, Mississippi 39201
Telephone No. (601) 427-9196
Fax No. (601) 369-9828
garrig.shields@shieldsgoodson.com

7